IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00040-LTB-MJW

KARIN P. TILLEY,

    Plaintiff,

vs.

AMERICAN CITY BUSINESS JOURNALS, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Karin P. Tilley, by and through her counsel, Patricia S. Bangert, and Defendant American City Business Journals, Inc., by and through its counsel, Holland & Hart LLP, hereby stipulate and agree as follows, and the Court, having been fully advised, hereby orders as follows:

1. All production and disclosure of "Confidential Information" and "Highly Confidential Information," as defined in paragraphs 2 and 3 below, shall be governed by this Order.

2. "Confidential Information" as used herein includes, but is not limited to, documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order. In general, Confidential Information includes and may be claimed with respect to:

(a) information concerning present or former employees of Defendant not a party to this action;

(b) Defendant's sales and revenue information for the time period prior to October 2003, including individual sales goals and revenue data, category revenue reports, and all customer related data;

(c) personal financial, tax, or medical records relating to Plaintiff; and

(d) any other information reasonably deemed to be of a confidential or proprietary nature by the designating party.

The parties shall endeavor to limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order.

3. "Highly Confidential Information" as used herein includes, but is not limited to, documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Highly Confidential" pursuant to the terms of this Protective Order. Highly Confidential Information includes and may be claimed with respect to:

(a) Defendant's sales and revenue information generated after October 2003, including individual sales goals and revenue data, category revenue reports, and all customer related data; and

(b) any information relating to disciplinary records taken with respect to present or former employees of Defendant that are not a party to this action.

2

Additional categories of documents may be designated "Highly Confidential" by mutual agreement of the parties.

4. Documents are designated as Confidential or Highly Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Provided, however, that documents falling into a category of "confidential" information set out above in Paragraph 2 and obtained from the Colorado Civil Rights Division or the United States Equal Employment Opportunity Commission shall be treated as confidential pursuant to the terms of this Protective Order although they are not marked "CONFIDENTIAL." In lieu of marking the original documents, a party may mark the copies that are produced or exchanged.

5. Confidential and Highly Confidential documents, materials, and/or information shall be used solely for the purpose of prosecution or defense of this action, and such documents may only be used, consistently with the terms of this Order, and, without limitation, in pretrial discovery and at the trial or preparation for trial and any appeal of this action, provided, however, any party may use its own Confidential Information and Highly Confidential Information for any purpose whatsoever. The use of Confidential Information and Highly Confidential Information at trial or at depositions shall not be deemed a waiver of the protections of this Order, and the parties and their attorneys shall be required to comply with the terms of this Order other than in the presentation of evidence at trial.

6. Documents labeled "Confidential" shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys for each party actively engaged in this litigation; including, but not limited to, attorneys from Holland & Hart LLP, Sabin Bermant & Gould LLP, and Patricia S. Bangert.

(b) persons regularly employed or associated with the attorneys and actively engaged in this litigation;

(c) Plaintiff, provided, however, that Plaintiff may only review such material, or a copy of such material, either at the office of her counsel or at her personal residence;

(d) current directors, officers, and employees of Defendant who need to see such documents to assist in the litigation of this matter;

(e) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(f) the Court and its employees ("Court Personnel");

(g) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(h) deponents, witnesses, or potential witnesses that are reasonably expected to testify at trial;

(i) other persons by written agreement of the parties,

(j) outside vendors who perform indexing, photocopying, or similar clerical functions for the parties' attorneys.

7. Documents labeled "Highly Confidential Information" shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

4

(a) attorneys for each party actively engaged in this litigation; including, but not limited to, attorneys from Holland & Hart LLP, Sabin Bermant & Gould LLP, and Patricia S. Bangert.

(b) persons regularly employed or associated with the attorneys and actively engaged in this litigation;

(c) Plaintiff, provided, however, that Plaintiff may only review such material at either the office of her counsel or at her personal residence while under the supervision of her counsel, and Plaintiff may not be provided with or retain copies of any such material;

(d) current directors, officers, and employees of Defendant who need to see such documents to assist in the litigation of this matter;

(e) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(f) the Court and its employees ("Court Personnel");

(g) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(h) deponents, witnesses, or potential witnesses that are reasonably expected to testify at trial;

(i) other persons by written agreement of the parties,

(j) outside vendors who perform indexing, photocopying, or similar clerical functions for the parties' attorneys.

8. Any party objecting to the designation of any information as Confidential or Highly Confidential shall clearly state the basis for the objection in a written notice to counsel

for the party making the designation. The written notice shall identify the information to which the objection is made. If the parties are unable to resolve the objection within ten (10) business days after the time the notice is received, the party objecting to the confidential designation shall file within fifteen (15) business days of the aforementioned notice an appropriate motion with the Court requesting resolution of the matter. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Order. The party making the designation in question shall bear the burden of justifying that designation in any dispute before the Court requesting modification or striking of the designation.

[Handwritten annotations: "consistent with D.C.Colo. LCivR"; "7.2 and 7.3."; "W/M/OL/or?"]

9.   Whenever a deposition involves the disclosure of Confidential or Highly Confidential information, the deposition or portions thereof shall be appropriately designated and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.   To the extent that any filing with the Court would reveal or tend to reveal any Confidential or Highly Confidential information protected by this Order, any such information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with applicable court rules.

11.   This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof. Upon conclusion of this litigation, any and all copies of the

opposing party's Confidential and Highly Confidential documents shall be returned to opposing counsel, or shall be destroyed by each party's counsel, who shall so certify to opposing counsel. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses material covered by this Order may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

12. The terms of this Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

DONE AND ORDERED this 7TH day of September 2006.

BY THE COURT:

*/s/ Michael J. Watanabe*

Michael J. Watanabe
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 6th day of September 2006.

| s/Patricia S. Bangert | s/Kimberley Dempster Neilio |
|---|---|
| Patricia S. Bangert, Esq.<br>Attorney at Law, LLC<br>3773 Cherry Creek North Drive, Suite 575<br>Denver, CO 80209<br>(303) 228-2175<br><br>*Attorneys for Plaintiff* | Monique A. Tuttle<br>Kimberley Dempster Neilio<br>Holland & Hart, LLP<br>555 - 17th Street, Suite 3200<br>Denver, CO 80202<br>(303) 295-8000 |

s/Jonathan M. Glassman

Jonathan M. Glassman
Sabin, Bermant & Gould LLP
Four Times Square
New York, N.Y. 10036
(212) 381-7000

*Attorneys for Defendant*

3580865_4.DOC

8